IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUSTIN KOECKERITZ,

                              Petitioner,

    v.                                                      OPINION and ORDER

THOMAS B. SMITH,[1]                                    25-cv-211-jdp

                              Respondent.

---

Petitioner Austin Koeckeritz seeks relief under 28 U.S.C. § 2241 following his convictions for sex trafficking by force, fraud, or coercion and sex trafficking of a minor. *United States v. Koeckeritz*, 23-cr-5-jdp (W.D. Wis. Apr. 15, 2024), Dkt. 172. I must review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will treat the petition as a petition to vacate under 28 U.S.C. § 2255 because a § 2241 petition is not the right vehicle for Koeckeritz to challenge his convictions and sentence. I will dismiss the § 2255 petition as premature because Koeckeritz's direct appeal is pending in the court of appeals. I will also grant Koeckeritz's request to seal the exhibits attached to his brief in support, and I will deny as moot his other motions.

---

[1] I substituted Warden Thomas B. Smith as respondent because the proper respondent in an action under 28 U.S.C. § 2241 is the petitioner's immediate custodian. *See Kholyavskiy v. Achim*, 443 F.3d 946, 949 (7th Cir. 2006) ("Typically, for an inmate of a jail or prison, his immediate custodian is the warden.").

BACKGROUND

While represented by counsel Nathan Otis, Koeckeritz pleaded guilty in this court to the above charges, and I imposed a total sentence of 240 months' imprisonment. *Koeckeritz*, 23-cr-5-jdp, Dkt. 133 and Dkt. 172. Koeckeritz filed a notice of appeal, and the court of appeals granted Otis's motion to withdraw and appointed a federal public defender to represent Koeckeritz. The appeal is pending. Koeckeritz is incarcerated at FCI-Ashland.

In this case, Koeckeritz challenges his conviction and sentence on multiple constitutional grounds. Dkt. 1 and Dkt. 2. Koeckeritz asks for several forms of relief, including vacatur of his conviction and immediate release from custody. Dkt. 1 at 6.

ANALYSIS

A federal prisoner who wishes to collaterally attack his conviction or sentence must do so in a petition under 28 U.S.C. § 2255 in the court that sentenced him. *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022); *see also* 28 U.S.C. § 2255(a) ("A prisoner . . . claiming [his federal] sentence was imposed [unlawfully], may move the court which imposed the sentence to vacate . . . the sentence."). When determining the character of a filing by a prisoner who proceeds without counsel, courts look to its substance rather than its label. *United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004). If a § 2255 petition "is inadequate or ineffective to test the legality his detention," a district court may, in limited cases, grant the petitioner relief under § 2241. *See* 28 U.S.C. § 2255(e); *see Jones v. Hendrix*, 599 U.S. 465, 474 (2023).

Koeckeritz's petition attacks the legality of his conviction and sentence. Koeckeritz does not "challenge[] the legality of his *detention* without attacking the validity of his *sentence*."

2

*See Jones*, 599 U.S. at 475. So I must treat Koeckeritz's purported § 2241 petition as a § 2255 petition.

There's another problem. "The well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending." *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993). Koeckeritz hasn't alleged any extraordinary circumstances that would require consideration of his petition while his direct appeal is pending. Koeckeritz's sweeping allegations that his conviction has multiple constitutional problems do not meet this standard. *Cf. O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998) ("It makes no sense to crank up a collateral attack while a pending appeal may afford the prisoner the relief he seeks.").

I will dismiss the petition as premature. This disposition will not stop Koeckeritz from seeking relief under § 2255 after the court of appeals has decided his appeal. The premature filing of a § 2255 petition is not a decision on the merits and does not count as an initial petition for purposes of the bar on second or successive petitions. *United States v. Rachuy*, No. 10-cr-141-wmc, 2019 WL 4736973, at *2 (W.D. Wis. Sept. 27, 2019) (citing *O'Connor*, 133 F.3d at 550).

That leaves Koeckeritz's other motions. In an abundance of caution, I will grant Koeckeritz's motion to seal the exhibits attached to his brief in support. Dkt. 7. I will not seal any other information in this case. As I've explained to Koeckeritz in another case, federal litigation is presumptively open, and the public is entitled to know who brought this case and what information the court relied on to reach its decision.

Koeckeritz and his mother each asks me to allow her to represent him in this matter. Dkt. 8 and Dkt. 9. These requests are moot because I am dismissing the petition. But the law

would not allow Koeckeritz's mother to represent him because she's a nonlawyer. Koeckeritz's motion for leave to proceed without paying the filing fee, Dkt. 10, is denied as moot; Koeckeritz already paid that fee.

ORDER

IT IS ORDERED that:

1. Petitioner Austin Koeckeritz's petition, Dkt. 1, is treated as a petition to vacate under 28 U.S.C. § 2255 and DISMISSED as premature.

2. Petitioner's motion to seal, Dkt. 7, is GRANTED. The clerk of court is directed to seal the exhibits attached to the petition's brief in support, but to unseal the brief in support itself.

3. The motions seeking permission for petitioner's mother to represent him, Dkt. 8 and Dkt. 9, are DENIED as moot.

4. Petitioner's motion for leave to proceed without paying the filing fee, Dkt. 10, is DENIED as moot.

5. Thomas B. Smith is to be substituted as the respondent.

6. The clerk of court is directed to enter judgment and close the case.

Entered April 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge